Law Library

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | CRIMINAL CASE NO. CM0128-12 |
| vs. | |
| | DECISION AND ORDER |
| | ON DEFENDANT'S MOTION TO |
| ANTHONY SANTOS CHACO, | DISMISS |
| Defendant. | |

This matter came before the HONORABLE VERNON P. PEREZ on September 10, 2012 on Defendant's Motion to Dismiss. Attorney Suresh Sampath represented Defendant, who was present. Attorney James Collins appeared on behalf of the Government. Having reviewed the pleadings, the arguments presented and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant is charged with driving while under the influence, improper storage of an open container of an alcoholic beverage and reckless driving. Defendant requests dismissal as he argues that there is no probable cause, based on the facts of the case, as to Charge Two and Three of the Indictment.

## DISCUSSION

Charge Two

Defendant argues that the Court should grant the Motion to Dismiss as Guam law mandates dismissal where there is no probable cause in support of the Magistrate's Complaint. Defendant contends that there was no showing of knowledge, intent or reckless disregard to satisfy the elements of improper storage of an open container. First, the Court does agree with Defendant that there must be a *mens rea* element present. Next, there may not be enough to prove the element of *mens rea* at trial, but the burden there is much higher. Only probable cause is required to arrest someone for allegedly committing a crime. Here, there is adequate evidence amounting to probable cause for the Defendant's arrest. The Court concludes that the stop of

Defendant was supported with probable cause as Defendant's vehicle was interfering with the flow of traffic at the surrounding area of Paseo Stadium. Once near the vehicle, the Police saw several opened containers of alcoholic beverages in the passenger area of the vehicle. Rarely, can a *mens rea* element be inferred from context, but in this situation the Court easily concludes that probable cause was present to indicate that Defendant was aware of the open containers of alcohol present in the vehicle.

Defendant could not be found guilty of improper storage of an open container if he truly had no knowledge of the presence of an open container. For example, there would not be probable cause to charge a defendant with 16 GCA § 18122 if there was an open container hidden inside the seats of the vehicle by someone else and Defendant could not have been aware of the containers even through a search of the interior of the vehicle before operating the vehicle. Here, however, the Court has enough evidence to indicate that the cans of Bud Light in the vehicle were alcoholic and that Defendant, at minimum, allowed the beverage to be kept in his vehicle. As a driver on the roads of Guam, Defendant had an obligation under the vehicle code to ensure that no open containers of alcohol are improperly stored in his vehicle during operation. All evidence indicates that Defendant should have been aware of the open containers in his vehicle. The way that 16 GCA § 18122 is written, the Court does not believe that Defendant had to place and keep the open containers of alcohol in his vehicle for him to be in violation. Considering the language in the statute and the underlying facts of the case, the Court concludes that probable cause is present to charge defendant with improper storage of an open containers of an alcoholic beverage.

Charge Three

The Government does not oppose dismissal of Charge Three. The Court is in agreement that probable cause did not exist to arrest Defendant for reckless driving when his vehicle was stationary at the inception of the events leading to his arrest. Accordingly, the Court will grant dismissal of charge three.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss as it applies to Charge Two but GRANTS Defendant's Motion to Dismiss as it applies to Charge Three. Parties will return on October 22, 2012 at 9:00a.m. for a criminal trial setting.

So **ORDERED** this 5th day of October, 2012.

_____
HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

/ /

/ /

/ /

/ /

I do hereby certify that the foregoing is a full true and correct copy of the ORIGINAL on file in the office of the Clerk of Court, Superior Court of Guam.

DATED: OCT 0 5 2012

DEPUTY _____ Court of Guam